**STATE of Minnesota, Respondent,**

v.

**Kenneth Octavius WALLACE, Appellant.**

**No. 82–794.**

Supreme Court of Minnesota.

Dec. 17, 1982.

Lawrence Laine, Neighborhood Justice Center, Inc., St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal.

On September 13, 1981, defendant broke into an apartment in St. Paul and, after binding two female residents, kidnapped a third, taking her to a partially secluded area where he forced her to submit to fellatio, cunnilingus and vaginal intercourse. Subsequently, as he was walking with the victim, he was confronted by a police officer. When the officer asked him for identification and told him to release the woman, defendant fired his revolver at the officer at close range. The officer returned the fire and wounded defendant several times. Defendant fled but was apprehended by other officers.

Defendant was charged by complaint with nine felony counts: one count of attempted first-degree murder, one count of aggravated robbery, two counts of criminal sexual conduct in the first degree, one count of burglary, one count of kidnapping and three counts of assault in the second degree. Pursuant to a plea agreement, he was permitted to plead guilty to attempted first-degree murder and one of the two counts of criminal sexual conduct in the first degree, and the other counts were dismissed. At the time defendant entered his pleas, the trial court informed defendant that it would not make the sentences for the two offenses run consecutively if it departed and that it would not depart if it made the sentences run consecutively. The court added that it was possible that it would neither depart nor make the sentences run consecutively.

After receiving a presentence investigation report and listening to the arguments of counsel, the trial court sentenced defendant to two consecutive 90-month prison terms. The court based the length of these terms on the fact that defendant had a prior felony conviction of an offense involving use of a firearm, aggravated robbery, in 1975 and was therefore subject to minimum terms of 5 years for each current offense involving use of a firearm. Minn.Stat. § 609.11, subd. 5 (Supp.1981). The 5-year terms translate into Sentencing Guidelines

terms of 90 months pursuant to Minnesota Sentencing Guidelines and Commentary, II.E. (1982). The court justified the use of consecutive sentencing under the multiple victims exception to Minn.Stat. § 609.035 (1980) and under Minnesota Sentencing Guidelines and Commentary, II.F.2. (1982).

On appeal, defendant contends that consecutive sentencing was barred by Minn. Stat. § 609.035 (1980) and that Minn.Stat. § 609.11 (1980) was inapplicable to the sex offense because the record fails to establish that defendant used a firearm in committing it.

There is no merit to either contention.

■ 1. Whether or not the two offenses would otherwise be deemed to have been committed during a single course of conduct, multiple sentencing is permitted because there were two victims. Under a court-created exception to section 609.035, a defendant who commits multiple offenses in a single behavioral incident may be sentenced to one sentence per victim as long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. *State v. Marquardt,* 294 N.W.2d 849, 850 (Minn.1980).

■ Further, the multiple sentences did not constitute a departure. Consecutive sentencing is proper and does not constitute a departure in three situations, including "When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." Minnesota Sentencing Guidelines and Commentary, II.F.2. (1982).

■ 2. Defendant's other contention is that the minimum-term law, Minn.Stat. § 609.11, subd. 5 (Supp.1981), does not apply to the sex offense because the record fails to establish that defendant used a firearm in the commission of that offense. We conclude otherwise. The victim of the sex offense told police that, when he committed the offense, defendant reminded her that he had a firearm. The complaint specifical-

ly charged defendant with using a firearm during the offense. Defendant not only knew that but he specifically admitted at the guilty plea hearing that he used the revolver during both the rape and the shooting.

 3. Defendant candidly admits in his brief that the trial court could have imposed a longer sentence for the attempted murder without departing. Specifically, defendant refers to the fact that the presumptive sentence for attempted first-degree murder by a person with defendant's criminal history score (two) is 97 (92–103) months, which is longer in duration than the 90-month sentence provided by section 609.11, subd. 5. The state argues that it would be appropriate to remand to the trial court to allow that court, if it wished, to impose consecutive sentences of 97 plus 90 months, or a total of 187 months rather than the 180-month total it imposed originally.

If the trial court's sentences were improper, we could remand and allow the trial court to increase the sentence for the attempted murder conviction, as long as we did not allow the trial court to impose a total sentence in excess of that which the trial court imposed in the first instance. However, in this instance the trial court was justified in imposing a sentence of at least 180 months. If the state had appealed, we could remand and allow the trial court to increase the sentence by increasing the term for the attempted murder conviction. But since only defendant appealed, it would be improper to remand for this purpose. To do so would have the effect of punishing defendant for exercising his right to appeal from the sentence. When a sentence is set aside as a result of an appeal by a defendant, the trial court on resentencing may not impose a more severe penalty than the sentence which it previously imposed. *State v. Prudhomme,* 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975).

Affirmed.