**STATE of Minnesota, Respondent,**

v.

**Charles D. PICKETT, Appellant.**

**No. C2-85-987.**

Court of Appeals of Minnesota.

Oct. 22, 1985.

Review Denied Dec. 19, 1985.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., James H. Gaffney, Jr., Asst. Co. Atty., Minneapolis, for respondent.

Philip S. Resnick, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges a sentence imposed upon resentencing following conviction for five acts of first degree criminal sexual conduct. The trial judge advised appellant that he intended to impose a sentence of 315 months, and appellant requested a sentencing hearing. *See* Minn.Stat. 244.10, subd. 1 (Supp.1983). Following the hearing, the court sentenced appellant to 331 months. We affirm, but modify the sentence to 315 months to comply with the trial court's earlier statement.

## FACTS

Appellant committed a series of rapes in the north Minneapolis suburbs. He pleaded guilty to five charges of criminal sexual conduct in the first degree. *See* Minn.Stat. § 609.342 (Supp.1983). In return for his guilty pleas, the prosecutor agreed not to charge appellant with five other rapes and agreed not to comment at sentencing. The trial court, believing it was following Minnesota sentencing guidelines, imposed consecutive sentences of 43, 54, 65, 76, and 95 months for a total of 333 months. The trial court utilized the *Hernandez* method for computing the sentences. *See State v. Hernandez*, 311 N.W.2d 478, 481 (Minn. 1981) (trial court has discretion to consider defendant's other convictions when determining sentencing). At the original sentencing, the county attorney briefly commented that the sentences should run consecutively. On a sentencing appeal to this court, we determined that appellant's criminal history score should not have been computed under *Hernandez* because consecutive sentencing was imposed. *State v. Pickett*, 343 N.W.2d 670, 673–74 (Minn.Ct. App.1984). This court upheld the trial court's sentencing scheme, however, on the ground that aggravating circumstances in the case permitted an upward departure from the sentencing guidelines. *Id.* at 674. The supreme court reviewed this decision and remanded the case for resentencing, stating that the decision to depart from the guidelines is for the trial court to exercise, not the court of appeals. *See State v. Pickett*, 358 N.W.2d 38, 39 (Minn.1984).

At a resentencing hearing, the trial court stated an intent to sentence appellant to 315 months:

> Essentially, the sentence I'll give will be very close to what the sentence was at [the original sentencing]. I intend to sentence the guidelines on three of the matters, which guidelines state 41 to 45 months; I'm going to go 45 months on each of the three. On two of the matters that I feel are aggravated I'm going to double the 45 months. So that would be

a total of 315 months, which will be the limit on the sentence.

Resentencing Transcript at 8–9.

Appellant requested a departure hearing, and upon completion of that hearing, the trial court sentenced appellant. Appellant was sentenced to 53 months on the first count, which constituted an upward departure of eight months; 86 months on the second count, which was a double departure; 53 months on the third count, which constituted an eight month upward departure; 86 months on the fourth count, which was a double departure, and 53 months on the last count, which constituted an eight month departure. The total sentence that the trial court imposed was 331 months, or 16 months more than the judge indicated prior to the departure hearing appellant requested. This appeal followed the sentencing order.

## ISSUES

1. Was departure justified by substantial and compelling circumstances?

2. Did the 331 month sentence imposed after the departure hearing violate appellant's due process rights?

3. Did the prosecutor breach the plea agreement by commenting at the original sentencing?

## ANALYSIS

### I.

■ Appellant argues there were no aggravating factors to justify an upward departure from sentencing guidelines. We disagree. The supreme court, when reviewing this case, specifically stated that there were sufficient aggravating circumstances to justify durational departure from the sentencing guidelines. *State v. Pickett*, 358 N.W.2d 38, 39 (Minn.1984). Furthermore, we found when we first reviewed this case that aggravating circumstances existed that justified departure. *State v. Pickett*, 343 N.W.2d 670, 674 (Minn.Ct.App.1984).

## II.

■ Of greater concern is appellant's claim that his rights to due process were violated when the trial court imposed a longer sentence than originally planned subsequent to the departure hearing appellant requested. A defendant must not be punished for exercising rights that are constitutionally guaranteed. To chill the right to exercise those rights is tantamount to being deprived of them. *See North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969) (due process rights are violated if a defendant is punished for having successfully pursued a right of appeal).

■ Here the trial judge told appellant that he would be sentenced to 315 months. Appellant then requested a departure hearing, and he could not thereafter be sentenced to 331 months.

Because we agree that increasing the severity of the intended sentence will have a chilling effect on a defendant's right to request a sentencing hearing, we modify the sentence to 315 months to comport with the trial judge's earlier statement.

## III.

■ Appellant also argues that the prosecutor violated defendant's plea agreement because the prosecutor commented at the original sentencing. That issue is untimely raised, however, and will not be considered here; appellant had ample opportunity previously to make that argument.

## DECISION

Because aggravating circumstances exist in this case, the trial court properly departed upwardly from the sentencing guidelines. However, after appellant's requested departure hearing, the trial court improperly imposed a greater sentence than it originally announced. Appellant's argument that the prosecutor violated appellant's plea agreement is not considered because it is untimely raised.

Affirmed as modified.