**STATE of Minnesota, Respondent,**

v.

**Kyle Keith JONES, Appellant.**

**No. C6–86–1537.**

Court of Appeals of Minnesota.

March 17, 1987.

Review Denied April 29, 1987.

Hubert H. Humphrey, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Gaylord Saetre, Todd Co. Atty., Long Prairie, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Kyle Jones appeals from his theft conviction and sentence. We affirm as modified.

## FACTS

Kyle Jones moved in with his elderly grandmother, Evelyn Weiland, in September 1985. Kyle had earlier been thrown out by his mother, Rodene Jones, who lived next door. About the same time Kyle moved in, Weiland entrusted a box with Rodene, who is her daughter. The metal first-aid box, wrapped in plastic and containing Weiland's savings, was secreted in an unused clothes hamper.

On February 21, 1986, Weiland, with her daughter as witness, told Kyle "to get out and stay out." Kyle threatened to get even with his mother.

Several days later, Kyle rented a room and purchased a 1979 van, a new 19–inch color television and auto insurance, all with cash. Kyle had not worked for some time. When his mother learned of his purchases, she checked and found the first-aid box in its place still covered with plastic. When she opened the box, however, she found it empty, except for a U.S. government envelope. When Kyle was arrested, he had $518 in his possession and his room contained $5,010, divided among five envelopes.

Kyle was convicted of theft and sentenced to 15 months in prison. Execution of sentence was stayed conditioned on 10 years probation, provided Kyle served 9 months in jail and pay $13,101.18 in restitution to his grandmother's estate. As part of restitution the trial court ordered Kyle to transfer title of the van purchased with the stolen money to the estate. Kyle refused. Probation was revoked and the property transferred by court order.

## ISSUES

1. Does the evidence support appellant's conviction for theft?

2. Did the trial court abuse its discretion in setting restitution at $13,000?

3. Did the trial court properly enforce its order for restitution when appellant refused to transfer property voluntarily to his grandmother's estate?

4. Did the trial court err in its calculation of appellant's criminal history score?

## DISCUSSION

1. Sufficiency of the Evidence.

■ Appellant was convicted of theft under Minn.Stat. § 609.52, subds. 2(1), 3(1) (1986), solely on circumstantial evidence. Circumstantial evidence may support conviction if it "reasonably supports an inference of guilt." *State v. Combs*, 292 Minn. 317, 321, 195 N.W.2d 176, 178 (1972).

An appellate court may not substitute its judgment for that of the jury.

> [W]e are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. * * * We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury disbelieved any contradictory evidence. * * * If the jury, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty, that verdict will not be reversed.

*State v. Turnipseed*, 297 N.W.2d 308, 313 (Minn.1980) (citations omitted).

■ The State established that Kyle was without a job, shelter or money. He threatened to "get even" with his mother. Rodene testified she believed Kyle knew she was safekeeping the metal box full of his grandmother's savings. Rodene testified Kyle had been in her house after his eviction from next door. Approximately one week after he was thrown out and only a month after he applied for general assistance, appellant purchased a 1979 Chevy van for $6,384.70 cash. He bought a new color television (with six $100 bills), auto insurance, and paid for two weeks' rent (with a $100 bill). Also, appellant was found with another $5,000 in currency, mostly in $20, $50 and $100 bills, the denominations saved by Weiland and kept in

envelopes identified by her and her daughter. The cash and purchases totaled over $13,000.

The bills found in Kyle's possession were typically not in circulation. They included bills from 1934 and 1950 series. Such bills are seldom seen because the average duration of a $20 bill is five years and once mutilated the bill would be destroyed. A bank vice-president testified that an extensive search of $20 bills in his bank's vault turned up no bill from a series prior to 1969. Appellant also possessed two rare bank notes from 1929, long since retired from circulation. The bills were commonly possessed only by collectors. The jury could have concluded the bills might have been saved by Weiland.

When a conviction rests on circumstantial evidence alone, an appellate court should insure that

> the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt.

*State v. Berndt,* 392 N.W.2d 876, 880 (Minn.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 909, 93 L.Ed.2d 859 (1987) (citations omitted). The facts supported by the proffered circumstantial evidence must "form a complete chain which * * * leads so directly to the guilt of the accused as to exclude, beyond a reasonable doubt, any reasonable inference other than that of guilt." *State v. Beilke,* 267 Minn. 526, 531, 127 N.W.2d 516, 520 (1964) (citation omitted).

Appellant argues that the State could not prove that the first-aid box contained approximately $13,000, or any money at all, since the box had not been opened in several years.

Testimony showed the envelopes found in appellant's possession were the envelopes in which the money was placed, before being stored in the metal box. The box was also wrapped in plastic. The jury could have concluded the box would not have been wrapped when entrusted to Rodene if it contained no money. An empty box requires no special precautions to protect its contents. The jury could also reason that Kyle rewrapped the box after his theft in order to conceal the crime. The only rational hypothesis points to guilt.

2. Amount of Restitution.

■ Restitution is a sentencing option under Minn.Stat. § 609.10(5) (1986). Restitution may be granted if requested by the crime victim. Minn.Stat. § 611A.04 (1986). The court's evaluation of the propriety of restitution "shall consider the amount of economic loss sustained by the victim as a result of the offense." Minn.Stat. § 611A.045, subd. 1 (1986). The prosecution carries the evidentiary burden in any dispute over restitution; "a dispute as to the proper amount or type of restitution must be resolved by the court by a preponderance of the evidence." *Id.,* subd. 3.

The trial court determined the economic loss sustained by Weiland's estate was $13,101.18 by adding the items purchased by appellant and the cash found in his room and on his person. Appellant alleges restitution should not be greater than the figure implicit from the jury's verdict: $2,500.01.

In *State v. Olson,* 379 N.W.2d 524 (Minn. 1986), Olson was convicted of receiving stolen property in excess of $1,000. The trial court determined for sentencing purposes that the property's value exceeded $2,500 and correspondingly sentenced the defendant under severity level VI under the guidelines, not level V. The supreme court addressed the question whether the trial court could determine the property's value for sentencing purposes when the conviction was for a lesser amount.

> We start with the general rule that it is the jury's function to decide whether the defendant is guilty or not guilty of the crime charged and that it is the trial court's function to make any findings of fact bearing on the sentence to be imposed for the offense of which the defendant is found guilty. * * *

*       *       *       *       *       *

Consistent with the rule that it is the trial court's function to make any findings of fact bearing on sentencing, we have held that it is for the trial court to resolve factual disputes bearing on the exercise of its discretion * * *. * * * The trial court simply took cognizance of a fact bearing on the ranking of the offense of conviction for sentencing purposes. Defendant still stands convicted only of the offense of receiving stolen property valued at $1,000 or more.

*Id.* at 526–27.

The *Olson* situation is analogous to this case. The $13,000 in goods and cash could only be explained as a theft from his grandmother. The *estate's loss* was the money found in his possession. *See State v. Muller,* 358 N.W.2d 72 (Minn.Ct.App. 1984) (the trial court ordered $10,000 in restitution when the conviction was for theft over $2,500).

#### 3. Enforcement of Restitution.

 The trial court required as a condition of probation that appellant transfer title to the Chevy van to his grandmother's estate and return the television set to the place of purchase for a full refund. Appellant refused to comply and requested that sentence be executed. At the revocation hearing the trial court found that Kyle failed to comply with conditions of his probation and was not amenable to probation. Kyle was sentenced to 15 months at St. Cloud. The trial court properly ordered transfer of the van's title to the estate and return of the television set to the store to fund restitution because the items were clearly purchased with the money stolen by appellant. The forfeiture procedure in Minn.Stat. § 609.531 (1986) need not be followed where property found is directly traced to funds stolen from a known victim.

#### 4. Criminal History Score.

 Appellant said he was born September 14, 1965. At the sentencing hearing it was established that he was born in 1966.

As a result, his criminal history score was incorrectly calculated.

Section II.B.4 of the Sentencing Guidelines provides that an offender is assigned one criminal history point for every two offenses that would have been felonies if committed by an adult: The offenses may only be considered if they occurred after the offender's sixteenth birthday. Here, one of the offenses considered was committed prior to Kyle's sixteenth birthday and must be disregarded in sentencing. Appellant's sentence should be one year and a day, not 15 months.

#### DECISION

The evidence supported the conviction for theft. The trial court did not abuse its discretion in setting restitution at $13,000 or when it enforced the restitution order.

Affirmed as modified.