STATE of Minnesota, Respondent,

v.

**Mark Lamont HATTON, Appellant.**

**No. CX–87–210.**

Court of Appeals of Minnesota.

May 12, 1987.

Review Granted June 30, 1987.

Hubert H. Humphrey III, Minnesota Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, and Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, and Mark F. Anderson, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

After sentencing, appellant Mark Lamont Hatton moved for reduction of his sentence. He claimed his criminal history score had been miscalculated on the high side at sentencing when the trial court determined his criminal history score was 2, and that the presumptive sentence for his criminal sexual conduct conviction was 65 months. After determining that 65 months was the presumptive sentence based on a score of 2, the court examined the record carefully and decided that an upward double durational departure was warranted. The trial court imposed a 130 month sentence and appellant argues that it is high by 22 months. Appellant argues that his correct criminal history score is 1, the proper presumptive sentence for his crime would be 54 months, and therefore a double durational departure should result in a total sentence of 108 months. Appellant points out that since the trial court erroneously construed the presumptive sentence

to be 65 months, the double departure that was applied compounded the error from 108 months up to 130 months. The State concedes that appellant's correct criminal history score is 1, not 2, and agrees that the correct presumptive sentence is 54 months, not 65.

However, the State urged the court to maintain the original 130 month sentence which, in effect, meant urging the court to increase the previously imposed departure factor of 2.0 to something approximating 2.5.[1] The trial court agreed to the State's position and maintained the original 130 month sentence, and thus, by direct implication, imposed an upward multiplicative factor of 2.474.

Appellant claims that the trial court erred in recalculating his sentence in this fashion in order to deny his motion for a sentence reduction after the State conceded that appellant's criminal history score should be lowered. We agree and reverse.

## FACTS

In 1985 appellant was convicted of criminal sexual conduct in the first degree, kidnapping and assault in the third degree. Appellant's convictions were affirmed on appeal. *State v. Hatton*, 389 N.W.2d 229 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 13, 1986). The facts surrounding appellant's crimes are set forth in that 1986 opinion.

Appellant received the following sentences:

(1) Assault in the third degree—severity level IV offense—criminal history score of 0—presumptive sentence of one year and one day stayed.

(2) Kidnapping—severity level VII offense—criminal history score of 1— presumptive concurrent sentence of 32 months executed.

(3) Criminal sexual conduct in the first degree—severity level VIII offense— criminal history score of two (one point for the assault and kidnapping

---

1. With a presumptive sentence of 54 months, an upward durational multiplier of 2.474 is needed

to arrive at 130 months.

sentences)—130 months concurrent executed sentence (*double durational departure* from the "alleged" presumptive sentence of 65 months).

Pursuant to appellant's request, the stayed sentence for the assault conviction was executed. Appellant did not challenge the double durational departure in the first appeal.

Appellant subsequently moved for a sentence reduction pursuant to Minn.R.Crim.P. 27.03, subd. 9. He claims the 130 month sentence for the criminal sexual conduct conviction should be reduced to 108 months because his criminal history score was miscalculated in light of *State v. Eberhardt*, 379 N.W.2d 242 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Feb. 19, 1986).[2] The State conceded appellant's criminal history score was miscalculated and that appellant's conviction and sentence for kidnapping should not have been used to increase his criminal history score from 1 to 2 prior to computing the presumptive sentence for the criminal sexual conduct conviction. The State agrees that the correct presumptive sentence is 54 months. However, the State urged the trial court to maintain the original 130 month sentence. This could only be done by taking the correct presumptive sentence of 54 months and multiplying it by a departure factor of 2.474.

The trial court agreed to do that. The trial court first reduced appellant's criminal history score to correctly show a score of 1 and a presumptive sentence for the criminal sexual conduct conviction of 54 months (presumptive range: 50–58 months). Then, rather than multiply the correct presumptive sentence of 54 months by 2.0 to arrive

at the double departure it had previously imposed, the trial court, with no new facts or evidence relative to upward departure, left the sentence at 130 months, which meant it technically raised the upward departure multiplicative factor from 2.0 to 2.474. Thus, the previously imposed sentence of 130 months stayed at 130 months.

## ISSUE

Did the trial court err by enhancing a previously imposed upward departure factor solely for the reason of negating a downward sentence correction that appellant was otherwise entitled to?

## ANALYSIS

Minnesota recognizes that a trial court may not increase the "penalty" upon retrial or resentencing because such action discourages a defendant from exercising his legal rights and is contrary to public policy. *State v. Holmes*, 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968). *See also State v. Prudhomme*, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975); *State v. Carver*, 390 N.W.2d 431, 434–35 (Minn.Ct.App. 1986). Under the unique facts in this case, we hold the trial court erred by increasing the upward departure factor from 2 to 2.474 for the sole reason of keeping appellant's sentence at 130 months after the court's error in calculating the correct presumptive sentence was acknowledged.

After appellant was convicted, the State requested an upward durational departure for the criminal sexual conduct conviction. The court carefully evaluated the numerous aggravating factors [3] and determined a

---

**2.** In *Eberhardt* a defendant was convicted of burglary and criminal sexual conduct in the first degree, both arising out of the same course of conduct. This court held that where multiple sentences were imposed pursuant to Minn.Stat. § 609.585 (1984), the defendant's burglary conviction and sentence could not be used to increase the criminal history score for computing the presumptive sentence for the other crime. *Id.* at 246; *see also State v. Hatton*, 396 N.W.2d 63, 68 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Jan. 16, 1987) (appeal by appellant's brother, William Hatton, arising out of the same incident).

**3.** The trial court filed a departure report identifying the following reasons in support of the durational departure:

1) The defendant engaged in multiple acts of sexual penetration with the victim.

2) The kidnapping and sexual assaults occurred over a period of several hours.

3) The victim's hands were tied and a jacket was placed over her head so that she was blindfolded.

4) The victim was placed in the trunk of a car for approximately two hours.

5) The victim was in constant fear for her life.

double durational departure was appropriate. The double durational departure is not in dispute. The court sentenced appellant to a 130 month term, believing the presumptive sentence was 65 months. Appellant subsequently moved for a sentence reduction because under *Eberhardt* his criminal history score should have been calculated as 1, not 2. The correct presumptive sentence was 54 months (50–58), not 65 months. Appellant properly requested the 130 month sentence be reduced to 108 months to conform to the double durational departure times the 54 month presumptive sentence.

We find the trial court erred by denying appellant's motion for a sentence reduction. If there is error in the calculation of a criminal history score, a trial court should not penalize a defendant who correctly points out the error by *arbitrarily* increasing a previously imposed upward departure in order to maintain the level of an erroneously imposed sentence.

> A defendant must not be punished for exercising rights that are constitutionally guaranteed. To chill the right to exercise those rights is tantamount to being deprived of them. *See North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969) (due process rights are violated if a defendant is punished for having successfully pursued a right of appeal).

*State v. Pickett*, 375 N.W.2d 105, 108 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Dec. 19, 1985).

We note that in *Pickett*, the trial court in effect punished the defendant by increasing the sentence from 315 months to 331 months, the sentence it previously indicated it intended to impose. This court reduced the sentence to 315 months to insure the defendant was not punished for exercising his legal rights. *Id.* at 107. The trial court's action in this case is similar to the type of conduct we prohibited in *Pickett* because it "chills" a defendant's right to exercise legal and constitutional rights.

The integrity of sentencing would be compromised if a trial court, after a defendant brings an error in his criminal history score to its attention, is permitted to arbitrarily increase the upward departure multiplier above the original departure solely to negate the error the defendant brought to the court's attention. A defendant must be afforded some safeguards once a trial court determines the appropriate sentence. *See State v. Walker*, 394 N.W.2d 192, 200 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 26, 1986) (having originally imposed the presumptive sentence for second degree felony murder, upon remand the trial court is limited to imposing the presumptive sentence using the correct history score).

The analysis in *Williams v. State*, 361 N.W.2d 840, 843–44 (Minn.1985) and *State v. Northard*, 348 N.W.2d 764, 768 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Sept. 5, 1984) is not applicable. The trial court in this case was *not* ruling on a request for a reduction of sentence because of a subsequent legislative reduction causing a *duration* change of a specific presumptive sentence. There is no threat of disparity in sentencing by concluding appellant is entitled to the double durational departure the trial court originally found appropriate. This case is further distinguishable because the trial court did not provide additional reasons for departure in excess of a double departure, other than the same reasons used to support the original double departure.

This matter is also distinguishable from *State v. Rohda*, 358 N.W.2d 39 (Minn.1984). In *Rohda* the trial court erroneously believed it was imposing the presumptive sentence. However, the trial court specifically stated it was "considering" doubling the sentence but declined because there was no substantial physical violence to the victim. *Id.* at 41. This case does not parallel *Rohda*. The record here reflects that the trial court fully and completely considered all the aggravating factors brought to its at-

---

6) The victim witnessed the defendant's assault on Michael Garry, which caused her further psychological trauma.

7) The defendants physically abused the victim.

tention and, after due consideration, doubled the presumptive sentence. The trial court at no time indicated that it was "considering" a 2.5 or higher multiplier.

The supreme court decision in *Rohda* made it clear there were aggravating factors which would justify a departure[4] and remanded to the trial court to provide it an opportunity to decide whether a departure was now warranted in light of those factors. *Id.* A further distinction between this case and *Rohda* is that the supreme court, in *Rohda,* identified aggravating factors not fully considered by the trial court at its first sentencing, since the trial court intended to impose the presumptive sentence. In this case, the trial court completely analyzed all the aggravating factors at the first sentencing and concluded a double durational departure was warranted.

Although we share the dissent's concern that the facts are heinous, that is not the legal issue in this appeal. The dissent's conclusion that a 130 month sentence is not disproportionate to the crime is not the question before us. This is not a departure appeal. In this appeal, appellant concedes that the facts are aggravating and that the double departure originally imposed by the trial court is appropriate. The case comes before us only on the narrow legal issue of whether a trial court, once having fully considered all the departure factors in a record, can use those same factors, without new evidence, to adjust the departure multiplier upward to negate a downward correction of a defendant's sentence to which the defendant is otherwise legally entitled.

The spirit of this State's public policy precluding the courts from penalizing a defendant exercising legal and constitutional rights was compromised by the trial court's action. Although appellant's previously imposed sentence of 130 months was not "technically raised," we find a true penalty exists when a downward correction to which a defendant is entitled is taken away.

A remand to the trial court is not necessary in this case as appellant concedes the court's original imposition of a double durational departure is justified. The State concedes that the correct presumptive sentence is 54 months. Thus, all that is needed is the mathematical calculation of twice the presumptive, resulting in a total sentence of 108 months. *See State v. Jones,* 402 N.W.2d 231 (Minn.Ct.App.1987) (the trial court erroneously calculated the defendant's criminal history score and sentenced him to 15 months. After correctly calculating the criminal history score at one point less than the trial court did, we modified Jones' sentence downward to one year and one day.) In the interest of judicial economy, we modify rather than remand. Minn. R.Crim.P. 28.05, subd. 2. Appellant's sentence is modified to 108 months.

## DECISION

The trial court erred by denying appellant's motion for a reduction of sentence. The trial court could not arbitrarily increase a previously imposed upward durational departure for the sole purpose of negating a downward correction that appellant successfully called to its attention. Appellant's sentence is reduced from 130 months to 108 months.

Reversed.

LANSING, Judge (dissenting).

Mark Hatton's initial appeal to this court did not raise a sentencing issue. *See State v. Hatton,* 389 N.W.2d 229 (Minn.Ct.App. 1986), *pet. for rev. denied,* (Minn. Aug. 13, 1986). In that appeal we affirmed Hatton's convictions for first-degree criminal sexual assault, kidnapping and third-degree assault, for which he received concurrent prison terms of 130 months, 32 months, and one year and a day, respectively. Subsequent to the appeal and based on our decision in *State v. Eberhardt,* 379 N.W.2d 242 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Feb. 19, 1986), Hatton moved under Minn.R.Crim.P. 27 for a reduction of sentence. The sentencing court recognized

---

**4.** The trial court in *Rohda* believed it was imposing a presumptive sentence, and the supreme court found that the trial court had not fully considered all the possible aggravating factors at its first sentencing. That is not the fact situation here.

that, under *Eberhardt,* no more than one criminal history point can be imposed on multiple convictions arising from a single course of conduct. The court recomputed Hatton's sentence, but retained the original 130–month total.

In a carefully reasoned, four-page memorandum, the sentencing court explained its decision to impose a sentence greater than double the presumptive sentence. I cannot agree with the majority's characterization of the trial court's action as "arbitrarily enhancing a previously imposed upward departure for the sole reason of maintaining the level of an improperly imposed sentence." The sentencing court carefully evaluated the facts and the aggravating circumstances and concluded that Hatton's brutality, cruelty and callousness warranted a durational departure of more than double the presumptive sentence. This is the appropriate exercise of sentencing discretion permitted in *Williams v. State,* 361 N.W.2d 840 (Minn.1985); and *State v. Northard,* 348 N.W.2d 764 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Sept. 5, 1984); and specifically provided for in *State v. Pickett,* 358 N.W.2d 38 (Minn.1984); and *State v. Rohda,* 358 N.W.2d 39 (Minn.1984).

The question on review is whether, under the facts of this case, the extent of the departure is an abuse of discretion. The facts show that the victim was forced to perform oral sex on Hatton and his brother and was subjected to multiple penetrations over several hours. She was kidnapped, bound and transported in a car trunk, where she was held for over two hours. Hatton and his brother repeatedly sexually assaulted her while her hands were tied and a jacket blindfolded her face. She was in constant fear of her life and received bruises on her chest, hip and arm, as well as her wrists. She was forced to witness an additional assault on another victim. The 130–month sentence is not disproportionate to the conduct. The departure is supported by appropriate considerations and is not an abuse of discretion.