STATE of Minnesota, Respondent,

v.

Mark Lamont HATTON, Appellant.

No. CX–87–210.

Supreme Court of Minnesota.

Aug. 14, 1987.

C. Paul Jones, Minnesota State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for appellant.

## OPINION

AMDAHL, Chief Justice.

We granted the petition of the state for review of a decision of the court of appeals reducing the sentence of defendant Mark Lamont Hatton. The issue concerns the limitations on the trial court in resentencing a defendant after the trial court learns that the defendant's correct criminal history score is lower than originally thought.

The facts are these. The principal victim, B., went to an after-hours party with a friend. The friend left early but defendant's brother, William, told B. that he would make sure that she got home. Defendant, William, B., and one Michael Garry got into defendant's car and William began driving. After William twice missed the correct turn, B. and Garry decided to get out. Defendant got out also, assaulted Garry and then forced B. back into the car. Defendant and his brother then drove around, taking turns raping B. as they did so. They then put her in the trunk of another car and drove to a motel, where they registered. Defendant and William then took B. into the room and again raped her. Eventually B. escaped, half naked, and went into an adjoining room, where a maid helped her call the police. Police

came immediately and arrested both defendant and William at the motel.

Defendant was convicted of kidnapping and criminal sexual conduct in the first degree for kidnapping and raping B. and assault in the third degree for assaulting Garry. The court of appeals affirmed defendant's convictions in an opinion holding that defendant's fourth amendment rights were violated but that the failure to suppress evidence on the basis of the violations was not prejudicial. The defendant but not the state petitioned for review; we denied the petition. *State v. Hatton*, 389 N.W.2d 229 (Minn.App.1986), *petition for review denied* (Minn.1986).

Defendant subsequently claimed that resentencing was necessary because the trial court had erred in computing his criminal history score. The trial court had imposed a sentence of 130 months for the rape, double the presumptive sentence of 65 (60–70) months for the rape given a criminal history score of two. In his motion for resentencing defendant claimed that his correct criminal history score was one, not two, and that the correct presumptive sentence was not 65 (60–70) months but 54 (50–58) months. The state conceded that the correct criminal history score was one, not two, but it urged the trial court to reimpose the 130–month sentence on the ground that defendant's conduct merited that great a departure. The trial court agreed with the state and reimposed the 130–month sentence, a departure of 14 months more than the 116 months obtained by doubling the maximum presumptive sentence of 58 months.

■ On appeal to the court of appeals the defendant argued primarily that the offense merited no more than a double durational departure, meaning that the sentence should be reduced to 116 months, double the maximum presumptive sentence of 58 months. The court of appeals, by a vote of 2–1, reduced the sentence to 108 months, double the median presumptive sentence of 54 months. *State v. Hatton*, 405 N.W.2d 498 (Minn.App.1987). It did not address the issue of whether a departure of greater than 2 times the presump-

tive sentence was justified by facts. Instead, it ruled that the trial court, having used a multiplier of 2 against the presumptive sentence originally computed, could not use a multiplier of greater than 2 against the new presumptive sentence obtained after determining that defendant's criminal history score was less. *Id.* It reasoned that to impose a greater sentence than that obtained using the multiplier of 2 would "punish" the defendant for exercising his legal rights. *Id.* The dissent argued both that the new rule was inconsistent with our cases and that the facts justified a greater than double departure. *Id.* at 502–03 (Lansing, J. dissenting).

We agree with the dissent that the decision of the majority is inconsistent with a number of our decisions. These decisions include *State v. Rohda*, 358 N.W.2d 39, 41 (Minn.1984), *State v. Heinkel*, 322 N.W.2d 322, 327 (Minn.1982), and, particularly, *State v. Broten*, 343 N.W.2d 38, 41 (Minn. 1984). The punishment concept relied on by the court of appeals would come into play if the trial court on resentencing had imposed a more severe sentence than that previously imposed, *i.e.*, a sentence longer than 130 months. *State v. Wallace*, 327 N.W.2d 85, 88 (Minn.1982). But under *Wallace* and the other cases, the trial court was free to impose a sentence of up to 130 months on resentencing, as long as a departure of more than 2 times the presumptive sentence was justified.

■ We agree with the dissent that a departure of greater than 2 times the presumptive sentence was justified. *See State v. Mortland*, 399 N.W.2d 92, 95 (Minn. 1987).

Reversed and amended sentence reinstated.