*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1098**

State of Minnesota,
Respondent,

vs.

Joseph Duane Gustafson, Jr.,
Appellant.

**Filed March 9, 2015
Affirmed
Chutich, Judge
Dissenting, Cleary, Chief Judge**

Hennepin County District Court
File No. 27-CR-11-5352

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Bradford Colbert, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Joseph Gustafson Jr. challenges his sentence, arguing that the district court abused its discretion by imposing a sentence of the same length on remand even

though it decreased his criminal history score by one point. Because, under the circumstances present here, the district court acted within its broad discretion in imposing the same sentence on remand, we affirm Gustafson's sentence.

**FACTS**

In March 2012, Joseph Gustafson Jr. was convicted of twelve serious crimes: racketeering, kidnapping, terroristic threats, one count of controlled substance crime in the first degree (sale of cocaine), two counts of controlled substance crime in the third degree (sale of cocaine), two counts of possession of a firearm by an ineligible person, and four counts of theft by swindle over $35,000. The convictions stem from Gustafson's lengthy leadership of a gang known as the "Beat-Down Posse."

At the original sentencing, the district court assigned the racketeering conviction, an unranked offense, a severity level of X, the second-highest severity level possible under the sentencing guidelines. Based on Gustafson's criminal history score of four, the state requested the *statutory* maximum sentence of 240 months, which was within the then-applicable guideline range of 179 and 252 months. Gustafson requested a middle-of-the-box sentence of 210 months. The district court sentenced Gustafson to 210 months, noting that this number was within the range in all of the sentencing boxes from two criminal history points up to six criminal history points. It further explained its decision by stating that Gustafson's case was not a typical racketeering case given the wide variety of crimes and the unusual combination of violent crimes and non-violent economic offenses.

Gustafson appealed, arguing, among other issues, that his criminal history score was incorrect. *State v. Gustafson*, No. A12-1293, 2013 WL 4404241, at *6 (Minn. App. Aug. 19, 2013), *review denied* (Minn. Oct. 23, 2013). He claimed that the district court erroneously considered two prior assaults and a motor vehicle theft that arose out of a single course of conduct in violation of the Minnesota Sentencing Guidelines. *Id.*; *see also* Minn. Sent. Guidelines II.B.1.d. (2008)[1] ("Only the two offenses at the highest severity levels are considered for prior multiple sentences arising out of a single course of conduct in which there were multiple victims."). This court concluded that it lacked sufficient information to determine if the three convictions arose out of a single course of conduct and remanded to the district court to consider this issue further. *Gustafson*, 2013 WL 4404241, at *6.

On remand, the state argued that the previous incident involved separate courses of conduct, and therefore the criminal history score was correct. It requested that the district court impose the same 210-month sentence, but it also noted that a 210-month sentence fell within the presumptive range even if Gustafson's criminal history score were lowered. Gustafson argued that his correct criminal history score was three and also asked that he be sentenced to 166 months, the low end of the box for a criminal history score of three. Gustafson asked for the lower sentence based not on the guidelines but because of his good behavior in prison.

---

[1] The 2008 Minnesota Sentencing Guidelines are applied because the racketeering charge involved offenses that occurred between 2005 and 2009. *See* Minn. Sent. Guidelines 2. (2014) ("The presumptive sentence for any offender convicted of a felony . . . is determined by the Sentencing Guidelines in effect on the date of the conviction offense.").

The district court considered the issue to be a close call and said that it believed that all three crimes should be used in calculating Gustafson's criminal history score. But for the purposes of remand, the district court only assigned points for the two assaults, lowering Gustafson's criminal history score to three. After noting that the guidelines range with three criminal history points was 166 to 234 months, and after hearing Gustafson's reasons for why he should receive a bottom-of-the-box sentence, the district court said: "On a remand I could not and would not increase a [sentence], but I am also not going . . . to lower it; I am going to leave it at 210 months. . . . Still 210 months, but on a cleaner criminal history score." This appeal followed.

## D E C I S I O N

Gustafson first argues that the district court erred by imposing the same 210-month sentence even though it reduced his criminal history score. He claims that this sentence contradicts the principles underlying the sentencing guidelines and this court's decision in *State v. Benniefield*, 668 N.W.2d 430 (Minn. App. 2003), *aff'd on other grounds*, 678 N.W.2d 42 (Minn. 2004). The state argues, and we agree, that the new sentence accords with relevant Minnesota caselaw.

A sentence imposed by the district court is reviewed for abuse of discretion. *State v. Ford*, 539 N.W.2d 214, 229 (Minn. 1995).[2] The Minnesota Sentencing Guidelines

---

[2] Gustafson argues that the question presented—whether, after a remand, a district court may impose the same sentence after lowering the criminal history score—is an issue of law reviewed de novo. But a district court abuses its discretion if its decision is based on an erroneous view of the law. *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011). "Accordingly, to the extent a [sentencing decision] turns on a question of law, reviewing

4

limit a district court's sentencing discretion by prescribing a sentencing range that is presumed appropriate. *Soto*, 855 N.W.2d at 308. When a sentence is imposed within the presumptive guidelines range, this court will not generally review the district court's exercise of discretion; presumptive sentences are seldom overturned. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Only in the "rare" case will this court reverse the imposition of a presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). Absent compelling circumstances, this court will not exercise its authority to modify a presumptive sentence. *State v. Freyer*, 328 N.W.2d 140, 142 (Minn. 1982).

The district court's original sentence was 210 months, within the presumptive range based on severity level X and a criminal history score of four. *See* Minn. Sent. Guidelines IV. (2008) (listing presumptive range as between 179 and 252 months). On remand, the district court again sentenced Gustafson to 210 months. The presumptive range based on a severity level of X and his adjusted criminal history score of three is between 166 and 234 months; accordingly, Gustafson's sentence remained well within the range of a presumptive sentence. *See id.*; *see also State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008) ("All three numbers in any given cell constitute an acceptable sentence[;] . . . the lowest is not a downward departure, nor is the highest an upward departure.").

---

the decision for an abuse of discretion already calls for resolving the legal question de novo." *State v. Soto*, 855 N.W.2d 303, 308 n.1 (Minn. 2014).

Gustafson claims that he must be sentenced to 195 months based upon this court's decision in *Benniefield*. In *Benniefield*, the parties agreed that the defendant's criminal history score was miscalculated. 668 N.W.2d at 437. He was originally sentenced to 37 months based on a criminal history score of three. *Id.* at 434. This court directed the district court "to resentence appellant with a criminal history score of two to something less than 37 months. It would not be due process to move to the high end of the presumptive range to negate appellant's successful appeal on calculating his criminal history score." *Id.* at 437.

Gustafson asserts that this language dictates that he must be resentenced to 195 months, the presumptive middle-of-the-box sentence based on a criminal history score of three. We are unpersuaded by this argument. Although the supreme court affirmed this court's decision in *Benniefield*, it did not review this aspect of the case. 678 N.W.2d at 45 n.1. More importantly, however, this imprecise statement "of something less" from *Benniefield*—made in passing without citation to other authority—runs counter to previous supreme court decisions addressing the issue of the appropriate length of a new sentence following retrial or a remand for resentencing.

The supreme court considered the issue of resentencing after a retrial in *State v. Holmes*, 281 Minn. 294, 161 N.W.2d 650 (1968). The defendant in *Holmes* was convicted, the supreme court reversed and granted a new trial, and he was convicted again. *Id.* at 295, 161 N.W.2d at 651. The supreme court then considered "whether it was error to impose a longer sentence after the second trial than that which [the district court] imposed at the first trial." *Id.* The supreme court held that a sentence may not be

6

*increased* after a retrial because it would discourage a defendant from exercising his legal rights to appeal. *Id.* at 298, 161 N.W.2d at 653. The supreme court based this decision not on constitutional grounds but instead on public policy considerations and procedural fairness. *Id.*

The supreme court also addressed this issue in *State v. Prudhomme*, 303 Minn. 376, 228 N.W.2d 243 (1975), but this time in the context of resentencing rather than retrial. But the supreme court found this difference "insignificant" and held that upon resentencing, the district court could not impose a more severe penalty than it had previously imposed. *Id.* at 380, 228 N.W.2d at 246.

The supreme court once again considered this issue of resentencing in *State v. Hatton*, 409 N.W.2d 854 (Minn. 1987). In *Hatton*, the district court sentenced the defendant to 130 months, which was double the presumptive sentence of 65 months based on a criminal history score of two. 409 N.W.2d at 856. But the district court incorrectly calculated the defendant's criminal history score, which was actually one. *Id.* In his motion to correct his sentence, the defendant stated that the correct presumptive sentence was 54 months based on his criminal history score of one. *Id.* The state urged the district court to impose the same 130-month sentence, which it did. *Id.*

This court reversed and directed imposition of a 108-month sentence—double the presumptive sentence of 54 months. *Id.* But the supreme court reversed again, holding:

> The punishment concept relied on by the court of appeals would come into play if the trial court on resentencing had imposed a more severe sentence than that previously imposed, *i.e.*, a sentence longer than 130 months. But

7

> under . . . other cases, the trial court was free to impose a sentence of up to 130 months on resentencing . . . ."

*Id.* (citation omitted).

These supreme court cases demonstrate that the imposition of the same sentence after remand is permissible. We are unpersuaded by Gustafson's argument that *Hatton* does not apply because it involves a departure; nothing in its discussion so limited its holding. Nor is Gustafson's argument that this court should follow *Benniefield* because it came later in time compelling. This court may not overrule supreme court precedent. *Mueller v. Theis*, 512 N.W.2d 907, 912 (Minn. App. 1994), *review denied* (Minn. Apr. 28, 1994).

*Benniefield* stated that imposing the same sentence "would not be due process." 668 N.W.2d at 437. But under the United States Constitution, even imposing a *greater* sentence after a successful appeal is not a per se violation of due process. *See, e.g.*, *North Carolina v. Pearce*, 89 S. Ct. 2072, 2080-81, 395 U.S. 711, 725 (1969) (holding that due process is violated if a judge imposes a greater sentence after retrial because of vindictiveness). And the Minnesota Supreme Court affirmatively stated that its decisions in *Holmes* and *Prudhomme*—that a district court may impose the same sentence but not a longer one—were based not on constitutional grounds but on procedural fairness and public policy principles. *Prudhomme*, 303 Minn. at 380, 228 N.W.2d at 246; *Holmes*, 281 Minn. at 298, 161 N.W.2d at 653.

Even if *Benniefield* were precedential, we believe its value would be limited at best. *Benniefield* directed the district court to impose a sentence of "something less than

8

37 months," but it did not state what that number should be. 668 N.W.2d at 437. In theory, the district court could have imposed a sentence one day less than 37 months and still have followed our remand instructions. Given that the parties in *Benniefield* agreed that the criminal history score was miscalculated, the statement that it would not be due process to impose the same sentence on remand is not only dicta but is contrary to the legal reasoning in the controlling Minnesota Supreme Court cases.

Gustafson next contends that the principles of the sentencing guidelines require that he receive a lower sentence. At oral argument, Gustafson's attorney argued that only two factors matter when sentencing an offender under the guidelines: offense severity and criminal history. Those factors are certainly the two most critical in determining an appropriate sentence. But we disagree that they are the only relevant factors to consider, especially when arriving at a particular sentence *within* the range of a presumptive sentence that incorporates those two factors.

According to the guidelines, offense severity and criminal history "represent the two dimensions most important in current sentencing . . . decisions." Minn. Sent. Guidelines II. (2008). But these considerations are not the *only* factors a judge may consider when imposing a sentence. These two factors lead to a box in the sentencing grid that contains a "middle-of-the-box" number and also a *range* of numbers. Minn. Sent. Guidelines IV. Any number within that range is a presumptive sentence under the guidelines. *Delk*, 781 N.W.2d at 428.

Accordingly, it follows that offense severity and criminal history are the only two factors used when determining the appropriate range. *See Jackson*, 749 N.W.2d. at 359

9

n.2. But once that range is determined, a district court is free to choose what it believes is the correct sentence within that range based on everything it saw at trial or learned during the sentencing process, including during the sentencing hearing. At the original sentencing hearing, the district court explained that it choose 210 months not because it was the middle-of-the-box sentence, but because—even though the racketeering in this case was atypical because it included both violent and white-collar crimes—Gustafson showed positive changes throughout the proceedings. Although the district court was not required to explain its imposition of a presumptive sentence, we may not interfere with the district court's exercise of discretion because the record shows that it "carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985).

We are concerned that to adopt the rule that Gustafson suggests—if a defendant receives a midpoint sentence and the criminal history score is later adjusted, the midpoint of the range of the new box must be imposed—would straightjacket district courts. District courts are given great discretion to sentence within the presumptive range. *Kindem*, 313 N.W.2d at 7. To adopt the mechanistic rule that Gustafson suggests would be the antithesis of our flexible sentencing system once a guidelines range has been established.

Even if we were to accept Gustafson's argument that a sentence is based only on severity and criminal history, however, we would still not be persuaded that the sentence here was improper. As we recognize, offense severity and criminal history are the two most critical sentencing considerations. *See* Minn. Sent. Guidelines II. Of the two,

offense severity is the weightier concern: the guidelines "reduce the emphasis given to criminal history in sentencing decisions." Minn. Sent. Guidelines II.B.01.

This principle is reflected in the guidelines themselves. At severity level X, the level applicable to Gustafson, the ranges of presumptive sentences contain much overlap, even when the criminal history score varies as much as from two criminal history points to six. *See* Minn. Sent. Guidelines IV. Conversely, within the criminal history column, very little overlap of the ranges occurs when the offense severity increases; in fact, the ranges do not overlap at all at the most serious levels of crime, from severity level VII to XI. *See id.*

Gustafson claims that because his criminal history score changed, imposing the same sentence after changing his criminal history makes his sentence arbitrary and contrary to the principles of guidelines, which seek to establish "rational and consistent sentencing standards." *See* Minn. Sent. Guidelines I. But based on the overlap between the boxes, Gustafson's sentence of 210 months still falls well within the presumptive range for his adjusted criminal history score and is therefore a presumptive sentence.[3] *See Delk*, 781 N.W.2d at 428. We do not agree that this presumptive sentence is rendered arbitrary merely because the district court re-imposed it. Because it fell well within the presumptive range of sentences for an offense with a severity level X and a criminal history score of three, the rational and consistent object of the guidelines was still attained.

---

[3] We note that our decision here may have been different had Gustafson's criminal history score been reduced to the point that the 210-month sentence would be a departure.

Moreover, when the district court initially chose 210 months, it did so—in an exercise of caution and prudence—after considering the presumptive range of not only the criminal history score of four, but also of three and two, noting that its chosen sentence was permissible even under a lesser criminal history score. But most importantly, the key and legitimate reason that the district court selected 210 months among the range of permissible months available did *not* change during the appeal or upon remand: Gustafson's criminal conduct of racketeering was more serious than many racketeering cases because he committed many different types of violent crimes as well as swindling people out of large amounts of money.

At oral argument, Gustafson's attorney clarified that he was not arguing that the re-imposed 210-month sentence was "punishment." This statement accords with Minnesota caselaw on this issue. *See State v. Wallace*, 327 N.W.2d 85, 88 (Minn. 1982). But re-imposing the same sentence after remand does not violate procedural fairness or principles of public policy, the two concerns identified by our supreme court in its cases addressing resentencing.

We recognize that a defendant's legal victory on appeal may feel hollow if a reduction in sentence does not automatically follow, but allowing a district court to re-impose a presumptive sentence does not discourage defendants from exercising their right to appeal a sentence. Because a district court cannot impose a more severe sentence, "there could be no reprisal by the trial court and therefore no prejudice to defendant. . . . [Defendants] have nothing to lose by testing their sentences and might gain something under different facts." *Prudhomme*, 303 Minn. at 384-85, 228 N.W.2d at

12

248 (Kelly, J., concurring in part and dissenting in part). With no risk but, depending upon their individual circumstances, the possibility of a sentencing reduction, we cannot see how defendants will be discouraged from exercising their legal right to appeal.

Further, we refuse to assume that district courts will conduct re-sentencings with a vindictive attitude and automatically impose the same sentence in all circumstances upon remand. In fact, nothing in the present record suggests any improper motivation by the district court in re-imposing the same sentence. And, as the supreme court has recognized, the rule that defendants may not receive a greater sentence upon resentencing not only protects defendants but it "precludes inquiry into the motives of the sentencing judge." *Holmes*, 281 Minn. at 298, 161 N.W.2d at 653.

In sum, our thorough review of the record convinces us that the trial court carefully and thoughtfully selected a sentence of 210 months based upon the nature and severity of Gustafson's racketeering conviction. Since that sentence was well within the permissible range of the presumptive sentence for a severity level X offense with a criminal history score of three, we affirm the sentence imposed. *See State v. Broten*, 343 N.W.2d 38, 41 (Minn. 1984) ("Our examination of the record convinces us that the trial court wanted to impose a [particular] sentence . . . . Since that sentence was within the permissible range . . . for the offense in question, we affirm the sentence imposed.").

Finally, in his pro se supplemental brief, Gustafson further argues that his sentence exceeds the statutory maximum and the maximum guidelines sentence, violating his right to a jury trial as stated in *State v. Shattuck*, 704 N.W.2d 131 (Minn. 2005). But as

13

discussed above, neither sentence he received was a departure. Accordingly, this claim lacks merit.

**Affirmed.**

**CLEARY,** Chief Judge (dissenting)

I respectfully dissent from the majority's decision.  The purpose of the sentencing guidelines "is to establish rational and consistent sentencing standards that reduce sentencing disparity and ensure that the sanctions imposed for felony convictions are proportional to the severity of the conviction offense and *the offender's criminal history*." Minn. Sent. Guidelines 1.A. (2014) (emphasis added).  While this court will not generally review the district court's exercise of discretion when a sentence is imposed within the presumptive guidelines, *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010), the analysis changes when the district court is asked to resentence a defendant after a successful appeal.

When a defendant is granted a new trial on appeal, the trial court may not impose a greater sentence after a subsequent conviction than was imposed after the first conviction.  *See, e.g.*, *State v. Prudhomme*, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975).  This rule is not based on constitutional principles, but rather on "procedural fairness and principles of public policy."  *Id.*  The public policy rationale has two main justifications:

> To permit a greater sentence on resentencing would make it possible for a trial judge who might be irked by having his actions questioned to increase a sentence out of pure vindictiveness rather than by reason of the defendant's culpability.  A rule that would permit greater sentences upon resentencing after a successful appeal might deter some defendants from exercising their rights to have their original sentences reviewed.

*Id.* at 383, 228 N.W.2d at 247 (Kelly, J., concurring in part). The supreme court forbids greater sentences in a resentencing for two reasons: (1) to prevent a trial judge from punishing defendants for appealing a conviction, and (2) to ensure defendants feel free to exercise their right to have their sentence reviewed. *Id.*; *see also State v. Holmes*, 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968) (stating that as a matter of public policy, reducing a sentence protects a district court judge from criticisms of bias or retribution in resentencing). Such reasoning applies as well to a resentencing following a sentencing based on erroneous information that results in a lower presumed sentence range.

This court relied on the public policy rationale in *State v. Benniefield*, 668 N.W.2d 430 (Minn. App. 2003), *aff'd on other grounds*, 678 N.W.2d 42 (Minn. 2004). Based on a mistaken criminal history score of three, the defendant was sentenced to 37 months in prison, which was in the low end of a presumptive range. The defendant actually had a criminal history score of two, and the court of appeals ordered the district court to resentence the defendant to less than 37 months, even though 37 months was within the high end of the presumptive range for a criminal history score of two. *Benniefield*, 668 N.W.2d at 437. The court was concerned about the district court punishing an appellant for a successful appeal by moving from the low end of a presumptive range in the original sentence to the high end of a presumptive range in the second sentence. *Id.* The supreme court did not address the issue in its opinion affirming *Benniefield*, but it did state in a footnote that the defendant's "sentence was subsequently reduced to 33 months to reflect the proper criminal history score." *State v. Benniefield*, 678 N.W.2d 42, 45 n.1 (Minn. 2004).

Similar to *Benniefield*, appellant was sentenced to 210 months, the middle of the presumptive range for a person with a severity level ten and a criminal history score of four. *See* Minn. Sent. Guidelines IV (2008). In a subsequent hearing, appellant successfully argued that his criminal history score was actually three, and that he should have been sentenced in a lower box. Instead of lowering the sentence to the middle of the new presumptive range, the district court sentenced appellant to the same 210-month term, which is at the high end of the presumptive range for someone with a severity level ten and criminal history score of three. *Id.* Appellant therefore went from the middle of a presumptive range to the high end of a presumptive range.[4]

The public policy concerns raised in *Holmes* suggest a sentence in the middle of the new presumptive range—which correlates to the middle sentence he received in the higher range—because appellant was originally sentenced based on an incorrect, higher criminal history score. By imposing a sentence of 195 months, the mid-point of the correct presumed sentence, the district court insulates itself from any criticism that appellant's successful appeal is being ignored. The lower sentence would also send a message to other defendants that when they successfully appeal mistakes made in computing their sentences, they are not engaging in an exercise in futility. Instead, they are correcting a mistake in the calculation of the criminal history score that will result in a corresponding sentence in a lower presumptive range.

---

[4] It should be noted that, following the reasoning of the majority, even if the appellant had successfully shown that his criminal history score was **two**, rather than four, the district court would have been free to ignore this even more significant error and could have legally sentenced appellant to the same 210-month term.

If the district court is allowed to give the same sentence to a defendant who has shown that the original sentence was computed in error due to an incorrect criminal history score, we are effectively eliminating the "purpose" of the sentencing guidelines. The sentencing guidelines, and the grid used to compute presumptive sentences, are based not only on the severity of the offense but on the criminal history score as well. To suggest that an error in one or the other, brought to the court's attention by the appellant in a successful challenge, can be ignored in resentencing, violates the public policy objectives established by the Minnesota Supreme Court almost a half century ago. While it is true that the cases invoking public policy involved the possibility of an increase in sentences after a retrial or resentencing, the compelling logic of the reasoning applies equally to a case involving resentencing after sentencing at mid-range of a presumed sentence, without any departures, where the sentence is not increased in terms of time to serve, but increased in terms of the mid-point of the correct presumed sentence.

To avoid deterring some defendants from exercising their right to have their original sentence reviewed and calculated properly and to shield the resentencing judge from criticism as to motivation, resentencing should properly reflect the corrected information provided to the court, whether it be a corrected severity level or a corrected criminal history score.

In this case, the mid-point of the range for the correct severity level and the correct criminal history score should be used and appellant should be resentenced to 195 months.