**STATE of Minnesota, Respondent,**

v.

**Richard ROHDA, Appellant.**

**No. C8–83–701.**

Supreme Court of Minnesota.

Nov. 2, 1984.

---

C. Paul Jones, Public Defender, Susan A. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Richard Osborne, J. Michael Richardson, Beverly J. Wolfe, Paul R. Jennings, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This appeal from a judgment of conviction raises a sentencing issue. Specifically, we must decide whether the trial court erred in ordering defendant's 76-month sentence to run consecutively to a previously-imposed 15-month sentence for burglary which was ordered executed on the same day that the 76-month sentence was imposed. We remand for resentencing.

On September 9, 1982, defendant and an accomplice took a young woman to a secluded area of north Minneapolis and raped her. In November, the two men were arrested and charged with criminal sexual conduct in the first degree and kidnapping, Minn.Stat. §§ 609.05, 609.25, subd. 1(2), and 609.342 (1982). Defendant was subsequently found guilty of both charges.

The sentencing worksheet used by the trial court correctly labeled the sex offense as a severity level VIII offense but erroneously labeled the kidnapping offense as a severity level VIII offense rather than a severity level VII offense. Defendant had a criminal history score of three at the time of sentencing, one custody status point for his probationary status and two felony points for his 1978 conviction of unauthorized use of a motor vehicle and his 1981 burglary conviction. The presumptive sentence for the sex offense was a concurrent sentence of 76 (71–81) months in prison. The presumptive sentence for the kidnapping was a concurrent sentence of 49 (45–53) months in prison. The worksheet indicated that the presumptive sentence was 76 months.

The trial court revoked probation in connection with the previously-imposed but unexecuted 15-month sentence for defendant's 1981 burglary conviction. The court sentenced defendant to 76 months for the kidnapping conviction and ordered it to run consecutively to the burglary sentence.[1]

---

1. Relying on Minn.Stat. § 609.035 (1982), which generally bars multiple sentencing for multiple offenses committed as part of a single behavioral incident, the court did not sentence defendant for the sex offense.

The court stated that it was considering doubling the sentence but said that it decided to "follow the regular Minnesota Sentencing Guidelines" because there was no substantial physical violence to the victim.[2]

In his brief, defendant contends that the 76-month sentence should be ordered to run concurrently with the previously-imposed 15-month burglary sentence. The state concedes that this is not a case in which consecutive sentencing is permitted by section II.F. of the Guidelines, absent aggravating circumstances. It argues, however, that there were aggravating circumstances present and that we should either vacate the sentence for the kidnapping offense and impose the same sentence (76 months consecutive) for the sex offense or remand for resentencing.

■ We believe that there were aggravating circumstances present. Defendant and his accomplice, each assisting the other, forced the victim to submit to a total of at least 15 acts of penetration (fellatio, vaginal intercourse, and anal intercourse). *Kilcoyne v. State*, 344 N.W.2d 394 (Minn. 1984); *State v. Dudrey*, 330 N.W.2d 719 (Minn.1983); *State v. Profit*, 323 N.W.2d 34 (Minn.1982). Defendant's accomplice, whose conduct defendant aided and abetted, was gratuitously abusive, both physically and verbally. *State v. Schantzen*, 308 N.W.2d 484 (Minn.1981). Further, it appears that the victim may have caught gonorrhea from one of the two men. *Kilcoyne, supra.* Making a qualitative assessment of all the facts, including the fact that this was in the nature of a "gang rape," we believe that the trial court would have been justified in departing either durationally or with respect to consecutive service.

If departing as to consecutive service, the court would have had to compute defendant's sentence duration using the zero criminal history column. Minnesota Sentencing Guidelines and Commentary II.F. (1983); *State v. Elkins*, 346 N.W.2d 116 (Minn.1984). This would have yielded a sentence duration of 43 (41–45) months for the sex offense or 24 (23–25) months for the kidnapping. If departing durationally, the court could have imposed a concurrent sentence of at least 162 months ($2 \times 81$) for the sex offense or 106 ($2 \times 53$) for the kidnapping. *State v. Evans*, 311 N.W.2d 481 (Minn.1981).

■ The court's consecutive 76-month sentence, when added to the previously-imposed 15-month sentence, is the functional equivalent of a concurrent sentence of 91 months. The court could have imposed a concurrent sentence of more for either the sex offense or the kidnapping. However, the trial court never indicated that it wanted to depart; indeed, the court said that it had decided to "follow the regular Minnesota Sentencing Guidelines." Under the circumstances, we remand. *State v. Pickett*, 358 N.W.2d 38 (Minn.1984, filed herewith). On remand, the trial court may, if it chooses, depart by imposing a concurrent sentence of up to but not more than 91 months. *State v. Wallace*, 327 N.W.2d 85, 88 (Minn.1982) ("When a sentence is set aside as a result of an appeal by a defendant, the trial court on resentencing may not impose a more severe penalty than the sentence which it previously imposed").

Remanded for resentencing.

---

**2.** Defendant later pleaded guilty to criminal sexual conduct in the third degree in connection with another incident occurring on September 2, 1982, 1 week before the misconduct with which we are concerned. The trial court sentenced him to a concurrent term of 65 months, which is the presumptive sentence for a severity level VII offense by a person with a criminal history score of four.

* Defendant's accomplice pleaded guilty to criminal sexual conduct in the first degree in connection with the September 9 incident. He was sentenced by a different judge to 76 months, to run concurrently with two other sentences executed the same day.