**STATE of Minnesota, Respondent,**

v.

**Joseph Anthony SKERJANCE, Sr., Appellant.**

**No. C6–86–1652.**

Court of Appeals of Minnesota.

Dec. 23, 1986.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty, Duluth, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

FOLEY, Judge.

### FACTS

This is a sentencing appeal pursuant to Minn.R.Crim.P. 28.05. On September 8, 1985, appellant Joseph Anthony Skerjance forcibly entered the home of his mother-in-law, carrying a shotgun and demanding to see his wife. He eventually surrendered to the authorities and was charged with separate counts of burglary in the first degree, assault in the second degree for the offense against his mother-in-law, attempted assault in the second degree for the offense against his wife, terroristic threats, and violation of an order for protection.

Prior to the date scheduled for trial, appellant pleaded guilty to attempted assault in the second degree in violation of Minn. Stat. §§ 609.222, 609.17, and 609.11 (1984). In exchange, the prosecutor agreed to dismiss the remaining counts and to abide by the sentencing recommendation made by the presentence investigator.

A sentencing worksheet was prepared where it was determined that the mandatory minimum sentence under section 609.11 was 36 months. Thereafter, a sentencing hearing was held at which appellant moved for a dispositional rather than a durational departure and requested that he receive a stayed sentence and be eligible for Huber privileges. He also argued that the recommended sentence exceeded the statutory maximum for attempted assault in the second degree. These motions were orally denied by the trial court, and appellant was sentenced to the custody of the Commissioner of Corrections for a term of 36 months.

On appeal, appellant seeks a reduction of the sentence to 30 months. He contends that the trial court exceeded its authority when it imposed a sentence in excess of the statutory maximum. Respondent State of Minnesota has failed to file a brief and this matter is proceeding pursuant to Minn.R. Civ.App.P. 142.03.

## DECISION

Under section 609.17, subd. 4, the maximum sentence available for an attempted offense is one-half of the maximum sentence for the completed offense. Assault in the second degree carries a maximum term of five years under section 609.222. Thus, the maximum term for an attempt is 30 months. The sentencing worksheet recommended a 36–month sentence based on section 609.11, subd. 5, which provides in relevant part:

> Any defendant convicted of an offense listed in subdivision 9 [includes attempted assault in the second degree] in which the defendant * * * used * * * a firearm, shall be committed to the commissioner of corrections for a *mandatory minimum term of imprisonment of not less than three years, nor more than the maximum provided by law* * * *.

Minn.Stat. § 609.11, subd. 5 (1984) (emphasis added).

Appellant argues that the language "nor more than the maximum provided by law" limits the mandatory minimum sentence to the statutory maximum in cases where the statutory maximum is less than three years. We agree. Such an interpretation is consistent with that followed in *State v. Perkins*, 353 N.W.2d 557, 562 (Minn.1984). Such an interpretation also comports with the sentencing guidelines, which recognize that when the presumptive sentence length exceeds the statutory maximum, the statutory maximum controls. *See* Minnesota Sentencing Guidelines and Commentary, Sec. II.H. Appellant's sentence is therefore reduced to 30 months.

Affirmed as modified.