**STATE of Minnesota, Respondent,**

**v.**

**Ronald T. COE, Appellant.**

**No. C5–87–79.**

Court of Appeals of Minnesota.

April 21, 1987.

Review Granted June 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE,* JJ.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

STONE, Judge.

Ronald Thomas Coe was convicted of two counts of first degree burglary and one count of attempted criminal sexual conduct in the third degree following a jury trial. He was sentenced in October 1986 to a 30 month prison term for one of the burglary convictions. Coe, a repeat sex offender, also received a concurrent 90 month sentence for the attempted criminal sexual conduct conviction, an increase of two and one-half times the presumptive sentence of 36 months. He appeals from this latter sentence on the grounds that it is greater than the statutory maximum sentence allowed for the offense and seeks a reduction of the sentence to 60 months. We affirm as modified.

## FACTS

Appellant Ronald Thomas Coe was convicted by a jury of:

1. First degree burglary of an occupied dwelling in violation of Minn.Stat. § 609.582, subd. 1(a) (1984) (Count I).
2. First degree burglary with an assault in violation of Minn.Stat. § 609.582, subd. 1(c) (1984) (Count II).
3. Attempted criminal sexual conduct in the third degree in violation of Minn. Stat. § 609.344, subd. 2 (Supp.1985), with reference to Minn.Stat. § 609.17 (1984) (Count III).

Coe is a repeat sex offender with a criminal history score of 2, and has unsuccessfully participated in five separate treatment programs in the previous years. Before sentencing, the State moved the trial court for an upward durational departure on Count II to 88 months (based upon a maximum presumptive sentence of 44 months). In the alternative, the State requested that Counts II and III be executed consecutively for an aggregate sentence of 80 months. The trial court sentenced Coe to a presumptive 30 month sentence for his conviction under Count I. The remaining burglary conviction under Count II was merged. For the attempted third degree criminal sexual conduct conviction, the trial court imposed a concurrent 90 month sentence, two and one half times the presumptive sentence of 36 months. The durational departure was based upon the trial court's assessment that Coe was not amenable to treatment and likely to repeat this type of offense, the fact that the offense involved an invasion of the victim's zone of privacy and the fact that the victim sustained injuries as a result of the attempted assault. In imposing sentence, the court commented:

> The record should further indicate that this appears to be a case where the Sentencing Guidelines have not taken into consideration the facts of this particular case and that it is the Court's feeling the sentence should be much longer.

> Mr. Coe, it is clear to the Court that at least from your past record that treatment is no longer a viable option and that at least one psychologist and maybe two have come to the conclusion that when you are released from prison that you will be back doing the same things that brought you before this Court.

> \*　　\*　　\*　　\*　　\*　　\*

> So the record is clear for any future use, it is this Court's opinion that you should be incarcerated for a much longer period of time and it is questionable that you should ever be released from either prison or an institution.

> And if it wasn't for the Sentencing Guidelines, I would fashion a sentence that would accomplish that purpose.

## ISSUES

1. Is appellant entitled to a reduction of his 90 month sentence for attempted third degree sexual conduct to the statutory maximum sentence of 60 months?

2. If a reduction in the attempted third degree sexual conduct sentence is mandated, may the matter be remanded for resentencing on the first degree burglary convictions to reflect an increase to the statutory maximum sentence allowed?

## ANALYSIS

1. The sentencing scheme available to the trial court following the jury's verdict consisted of the following:

| COUNTS | | STATU-TORY MAXIMUM | PRESUMP-TIVE SENTENCE | ACTUAL SENTENCE IMPOSED |
|---|---|---|---|---|
| I. | First degree burglary of an occupied dwelling in violation of Minn.Stat. § 609.582, subd. 1(a). (Severity VI) | 20 years | 30 months | 30 month concurrent |
| II. | First degree burglary with an assault in violation of Minn.Stat. § 609.582, subd. 1(c). (Severity VII) | 20 years | 41 months executed (range 38–44 months) | No sentence (merged) |
| III. | Attempted criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344, subd. 2. (Severity VII) | 5 years * | 36 months ** | 90 months |

Coe acknowledges the existence of aggravating circumstances in this case and does not challenge the upward departure on the attempted criminal sexual conduct conviction from 36 to 60 months. *See, e.g., State v. Morales,* 324 N.W.2d 374 (Minn. 1982) (departure from the presumptive sentence for criminal sexual conduct conviction upheld when assault with a dangerous weapon occurred in the victim's backyard, invading her zone of privacy, and caused the victim fear of great bodily harm); *State v. Eberhardt,* 379 N.W.2d 242, 246 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Feb. 19, 1986) (although the trial court erred in assigning a 95 month presumptive sentence for defendant's criminal sexual conduct conviction, the court did not err in assigning a double durational departure when the assault occurred in the victim's home and in the presence of her minor child).

Recently, in *State v. Mortland,* 399 N.W.2d 92 (Minn.1987), the supreme court held that when severe aggravating circumstances are present, the only absolute limit on sentence duration for the offense is that provided by the legislature in defining the offense. Thus, even when *severe* aggravating circumstances are present, the maximum sentence that could be imposed for the offense of attempted criminal sexual conduct would be 60 months. The trial court in this case therefore erred in imposing a sentence greater than the statutory maximum, and Coe is entitled to a reduction of sentence to 60 months. *See State v. Perkins,* 353 N.W.2d 557, 562 (Minn.1984) (trial court erred in imposing a sentence for assault in the second degree greater than the statutory maximum of five years); *State v. Skerjance,* 397 N.W.2d 602, 604 (Minn.Ct.App.1986) (trial court erred in imposing a 36 month sentence when the statu-

---

* *See* Minn.Stat. § 609.344, subd. 2 (Supp.1985); Minn.Stat. § 609.17 (1984).

** Mandatory minimum sentence pursuant to Minn.Stat. § 609.346 (Supp.1985) (persons con-victed of a second or subsequent offense—including attempts—under sections 609.342 to 609.345 shall be committed for a prison term of not less than three years).

tory maximum for attempted assault in the second degree was 30 months).

2. Although the State essentially concedes that Coe is entitled to a reduction in sentence to 60 months for the attempted criminal sexual conduct conviction, it nevertheless argues that the sentence should be vacated and remanded for the purpose of increasing Coe's concurrent burglary sentence. In short, the State asserts that since it originally proposed a double departure of the 44 month presumptive sentence on Count II to 88 months and since the trial court intended to impose the maximum sentence available,[1] the matter should now be remanded for resentencing to reflect a sentence consistent with the trial court's intentions. We disagree.

In *Walker v. State*, 394 N.W.2d 192 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Nov. 26, 1986), this court held that a remand for resentencing was mandated, but cautioned that upon remand "the trial court is *limited to the sentence originally imposed and may not 'increase the penalty* for any of the offenses on which it will sentence [the defendant].'" *Id.* at 200 (quoting *State v. Prudhomme*, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975)) (emphasis supplied). *See State v. Holmes*, 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968) ("any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy.") *See also State v. Carver*, 390 N.W.2d 431, 435 (Minn.Ct. App.1986). A remand for resentencing on the burglary convictions in excess of 30 months concurrent, the sentence originally imposed, would constitute an impermissible increase in penalty in this case.[2]

Although it was neither briefed nor argued, *State v. Rohda*, 358 N.W.2d 39 (Minn.1984) is the authority closest to furnishing support for the State's requested removal and resentencing. In *Rohda* the trial court had sentenced the defendant to consecutive terms of 76 and 15 months, stating that it decided to "follow the * * * Guidelines." *Id.* at 41. However, the guidelines did not authorize consecutive sentences absent aggravating circumstances. The Supreme Court remanded for resentencing, and authorized the trial court to depart by imposing a concurrent sentence of up to but not more than 91 months.

The instant case is unlike *Rohda*. Here, Coe's sentence of 90 months was more than a guidelines violation, it was statutorily invalid to the extent that it exceeded 60 months. After five years Coe would have been released on habeas corpus. Hence any sentence in excess of 60 months would be an enhancement of penalty by reason of Coe's appeal, and is precluded by *Walker, Prudhomme*, and *Holmes*.

## DECISION

Appellant's sentence for attempted criminal sexual conduct in the third degree is reduced to 60 months.

Affirmed as modified.

---

1. In addition to Coe's status as a repeat sex offender and the existence of aggravating circumstances, the trial court here also considered his unamenability to treatment as a basis for durational departure. Generally, unamenability to rehabilitation, while a consideration for dispositional departure, should not be used to determine whether to depart durationally. *State v. Johnson*, 327 N.W.2d 580, 583 (Minn.1982).

2. The State's reliance on *State v. Nunn*, 399 N.W.2d 193, 198 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. Mar. 13, 1987), is misplaced since that case, unlike the present case, involved multiple *victims*.