STATE of Minnesota, Respondent,

v.

Ronald T. COE, Appellant.

No. C5–87–79.

Supreme Court of Minnesota.

Aug. 14, 1987.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon F. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for appellant.

AMDAHL, Chief Justice.

We granted the petition of the state for review of the decision of the court of appeals in this sentencing appeal brought by defendant Ronald T. Coe. The issue is whether the court of appeals, having reduced a 90–month term to 60 months, should have remanded in order to give the trial court a chance to depart appropriately from the presumptive sentence for one of the other offenses of conviction.

Defendant was found guilty of two counts of burglary in the first degree (burglary of an occupied dwelling and burglary with assault), Minn.Stat. § 609.582, subd. 1 (1986), and one count of attempted criminal sexual conduct in the third degree, section 609.344, subd. 1. The convictions were based on evidence that defendant, wearing a mask, broke into a woman's apartment at 3:00 a.m. and, using a so-called vibrator, tried to sexually penetrate her. Police caught defendant fleeing the scene.

Defendant is a repeat sex offender. Both in 1978 and in 1979 he broke into the apartment of another woman and on both occasions raped her. He had a criminal

history score of two at the time of sentencing for the current offenses, and the record indicates that he has failed in five separate treatment programs.

Understandably, the trial court wanted to impose a long sentence. Indeed, the court stated that "it is questionable that [defendant] should ever be released from either prison or an institution." The state suggested that the trial court double the maximum presumptive sentence for burglary with assault, 44 months, giving defendant a sentence of 88 months. The trial court apparently said that it "did not feel it [could] do this." The state then suggested taking the presumptive sentence for the attempted rape, which was a 36–month mandatory minimum term because defendant was a repeat offender, and increasing this to 90 months. The trial court did this. The court also imposed a concurrent 30–month term for burglary of an occupied dwelling, the presumptive sentence for that offense. The court did not impose a sentence for the burglary with assault.

On appeal defendant pointed out that the statutory maximum for attempted criminal sexual conduct in the third degree is 60 months. He requested that the 90–month sentence be reduced to 60 months. The state conceded that the statutory maximum for the offense is 60 months. However, it argued that since the trial court wanted to impose a total sentence of at least 90 months, the case should be remanded for resentencing on one of the other offenses of conviction. Defendant replied that there was no basis for remand because there was no basis for departing upward from either of the presumptive sentences for the two burglary convictions.

The court of appeals reduced the 90–month sentence to 60 months but did not remand for resentencing. It cited our decision in *State v. Rohda*, 358 N.W.2d 39 (Minn.1984), as arguably authorizing a remand. However, it distinguished this case from *Rohda* on the ground that this case involves not just a sentence in violation of the Sentencing Guidelines but a sentence that exceeds the statutory maximum.

*State v. Coe*, 404 N.W.2d 844, 847 (Minn. App.1987).

In *Rohda*, the defendant was convicted of kidnapping and criminal sexual conduct in the first degree. The maximum presumptive sentence for the rape was 81 months and for the kidnapping it was 53 months. Aggravating circumstances justifying a doubling of either presumptive sentence were present. The trial court imposed a sentence of 76 months for the kidnapping and made it run consecutively to a 15–month sentence previously imposed for a burglary conviction. We held that the trial court could not obtain a total sentence of 91 months in this way, for reasons that are not relevant to this appeal, but that the trial court could have departed from the presumptive sentence for either the kidnapping or the rape and imposed a longer concurrent sentence than the 91–month total sentence obtained. 358 N.W.2d at 41. Rather than simply make the 76–month sentence run concurrently, we remanded for resentencing, authorizing the trial court to impose a concurrent sentence of up to 91 months for either the kidnapping or the rape. *Id.*

*State v. Heinkel*, 322 N.W.2d 322 (Minn. 1982), is a similar case. There the defendant was convicted of kidnapping and criminal sexual conduct in the first degree for kidnapping and raping a woman. Based on an error in the sentencing worksheet, the trial court departed from the presumptive sentence for kidnapping, imposing a sentence of 180 months. The defendant appealed. We held that a sentence of only 50 months, double the 25–month maximum presumptive sentence, could be imposed for the kidnapping. However, it was clear that if the trial court had known that the worksheet was in error and that the maximum presumptive sentence for the kidnapping was only 25 months, it would have sentenced for the rape instead, which had a maximum presumptive sentence of 45 months. Rather than reduce the 180–month kidnapping sentence to 50 months, we vacated the kidnapping sentence and remanded for resentencing for up to 50 months for the kidnapping (2 × 25) or up to 90 months for the rape (2 × 45).

The court of appeals seems to say, by the cases it cites, that allowing a remand in this case would somehow punish defendant for appealing the erroneous imposition of a 90–month sentence on the attempted rape charge and would discourage future convicted defendants from exercising their legal rights. *Coe,* 404 N.W.2d at 847. We disagree. A remand for resentencing will not have the effect of punishing defendant for appealing because under no circumstances will defendant be given a total sentence greater than that originally imposed. The court of appeals reasoned that remanding for a sentence of up to 90 months would punish defendant because if he had not appealed he would have been entitled to release on habeas corpus once the statutory maximum 60–month term had been served. *Id.* The flaw in this reasoning is the assumption that if defendant had not appealed he would have been entitled to automatic release on habeas corpus once the 60–month term had been served. Once that term had been served, defendant would have had to petition for habeas corpus. His discharge at that time would have been subject to the state's right to invoke any lawful means, such as resentencing, to ensure his continued confinement. In other words, the resentencing that we are allowing would have been allowable at that time.

Having rejected the court of appeals' analysis, we move to the question of whether a remand for resentencing will do the state any good—that is, whether the record supports a departure from either of the presumptive sentences for the two burglary convictions. We conclude that the burglary with assault was more serious than the typical burglary with assault because (a) defendant obviously planned beforehand that he would commit a sexual assault once inside the house, (b) the burglary occurred at 3:00 a.m., when the victim was presumably more vulnerable to a sexual assault, and (c) the burglary apparently left the victim so terrorized that she no longer was able to reside in her apartment. Accordingly, we remand in order to give the trial court an opportunity to double the maximum presumptive sentence for burglary with assault, 44 months, giving defendant a total sentence of 88 months.

Remanded for resentencing.