**STATE of Minnesota, Respondent,**

v.

**Steven Michael HUNT, Appellant.**

**No. C4–87–1658.**

Court of Appeals of Minnesota.

March 1, 1988.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton Co. Atty., Carlton, for respondent.

C. Paul Jones, Public Defender, Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ., without oral argument.

## OPINION

FORSBERG, Judge.

Steven Michael Hunt appeals from imposition of sentence following his plea of guilty. On appeal, Hunt contends that the court erroneously ordered his assault sentence to run consecutive to his first degree burglary sentence in violation of the Minnesota Sentencing Guidelines ("guidelines"). We reverse and remand for imposition of concurrent sentences.

## FACTS

Late on July 28, 1986 and in the early morning hours of July 29, 1986, Hunt and a companion broke into City Square Mall in Cloquet, Minnesota using a crowbar. Inside, the men forcibly entered Northern Knit Company and the Ben Franklin store.

After leaving the mall, the two broke into the Kortie Hardware Hank store in Cloquet and activated a silent burglar alarm. At the time Hunt entered the hardware store, he carried a knife in a sheath in his back pocket.

Three police officers responded to the silent alarm. One officer approached the rear of the store and noticed that the door had been forced open. Aware of someone peering around the corner of the door, the officer identified himself and ordered the suspect to come out. The door swung wide open and two men came out. One, later identified as Hunt, began to pull an object from his hip pocket and moved toward the officer in a crouching position. When Hunt did not heed the officer's order to halt, the officer shot Hunt in the right side. Hunt was then arrested.

Subsequently, Hunt pleaded guilty to three counts of second degree burglary in

connection with the offenses involving the City Square Mall, the Northern Knit Company, and the Ben Franklin store. He also pleaded guilty to first degree burglary (burglary with a dangerous weapon) of the Kortie Hardware Hank store, and to second degree assault of the officer.

Hunt was sentenced to 49 months for first degree burglary (given his criminal history score of 3), and to a consecutive 36 months for second degree assault (the mandatory minimum sentence). He was also sentenced to three concurrent terms of 21 months for the second degree burglary offenses.

## ISSUE

Did the court err in ordering the assault sentence to run consecutive to the first degree burglary sentence?

## ANALYSIS

Permissive consecutive sentencing is authorized by the guidelines as follows:

When an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sentences shall be given in all cases not covered below. * * *

Consecutive sentences may be given only in the following cases:

1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines; *or*

2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines[.]

Minnesota Sentencing Guidelines II.F.[1] (emphasis in original).

These sections authorize consecutive sentencing only where both consecutively sentenced offenses constitute person crimes. Clearly, one of Hunt's current offenses (assault in the second degree) constituted a crime against a person. In order to fall within the confines of section II.F.1. or II.F.2., however, Hunt's first degree burglary conviction must also constitute a person crime. Although burglary convictions have been held to be person crimes for the purposes of consecutive sentencing, the facts must show that the crime "obviously involved special danger to human life." *State v. Nunn*, 297 N.W.2d 752, 754 (Minn. 1980).

In *Nunn*, a felony-murder conviction was upheld where the underlying felony involved burglary of a dwelling with an accompanying assault upon the resident. The supreme court reasoned that burglary of a dwelling should not be deemed purely a property offense because it always carries a possibility of violence and therefore some special risks to human life. *Id.* In a subsequent case which cited *Nunn*, this court upheld permissive consecutive sentencing of a first degree burglary conviction, which we considered a crime against a person in view of evidence that victim's door was kicked in and victim was threatened with a gun and knife. *State v. Henderson*, 394 N.W.2d 561, 563–64 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Dec. 17, 1986).

Hunt insists that the facts of this case are distinguishable from those of *Nunn* and *Henderson*, where the buildings were occupied dwellings and where the burglaries involved violence and special danger to human life. He argues that burglary of a building while in possession of a dangerous weapon does not automatically constitute a person crime particularly where the building is unoccupied and innocent persons are not present.

---

**1.** It is undisputed that Hunt had two prior felony sentences for crimes against a person which had not expired at the time he committed the current offenses. In October 1985, he was sentenced to a term of 15 months for the crime of terroristic threats and to a concurrent term of 30 months for second degree assault. For each offense, execution of sentence was stayed and Hunt was placed on probation.

The state argues that because of the ever-present possibility of encountering innocent citizens, burglary should always be classified as a "person" crime for sentencing purposes. We disagree. Adherence to such a blanket rule ignores the individual facts of each case. In this instance, no innocent persons were present during commission of the burglary of the Hardware Hank store, and we cannot speculate as to what would have occurred had Hunt encountered such persons. We therefore hold that under the facts of this case, Hunt's conviction for first degree burglary does not constitute a crime against a person.

Consecutive sentencing of the current assault offense and the current burglary offense is thus not authorized by section II.F.1. or by section II.F.2., which allows permissive consecutive sentencing of two current person crimes only where different victims are involved.

Finally, we conclude that there is no reason to remand this case for resentencing. *See State v. Coe,* 411 N.W.2d 180, 181 (Minn.1987). The state sought consecutive sentencing based solely on sections II.F.1. and 2. of the guidelines. It did not seek to impose consecutive sentencing by way of departure from the guidelines and it provides no reasons for such a departure. Nor does the record suggest that such reasons exist. We therefore remand only for *correction of the sentence.*

## DECISION

Reversed and remanded for imposition of concurrent sentences.