*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0573**

Jose Armando Padilla, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 23, 2015
Affirmed
Hooten, Judge**

Kandiyohi County District Court
File No. 34-CR-05-1276

Jose Padilla, Stillwater, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Cleary, Chief Judge; and Halbrooks, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the correction of his sentences for multiple convictions, arguing that the district court erred by improperly imposing a more severe penalty on one

of the convictions than his original sentence and that he received ineffective assistance of counsel. We affirm.

## FACTS

After a jury trial, appellant Jose Armando Padilla was found guilty of two counts of attempted second-degree murder by drive-by shooting and separate counts of receiving stolen property, first-degree assault, drive-by shooting of an unoccupied building, and drive-by shooting of an occupied building. The district court imposed consecutive sentences for the two convictions of attempted second-degree murder by drive-by shooting and a concurrent sentence for receiving stolen property.

Padilla appealed his convictions of attempted second-degree murder by drive-by shooting, and this court reversed, holding that "because a person cannot *specifically intend* to cause the death of another by *recklessly* discharging a firearm at or toward [the victims], one cannot commit attempted second-degree murder [a specific intent crime] by drive-by shooting." *State v. Padilla*, No. A06-446, 2007 WL 1746746, at *2 (Minn. App. June 19, 2007). This court remanded the case to the district court for vacation of the attempted second-degree murder convictions by drive-by shooting and for sentencing on the remaining convictions.

On remand, the district court imposed the following sentences in the following order: (1) 27 months for the receiving stolen property conviction; (2) 36 months for the drive-by shooting of an unoccupied building conviction; (3) 166 months for the first-degree assault conviction; and (4) 52 months for the drive-by shooting of an occupied building conviction. The first three sentences were to run concurrently, but the drive-by

2

shooting of an occupied building conviction was to run consecutively to the other sentences.

Padilla filed a second appeal with this court, alleging that the district court erred by imposing consecutive sentences for the assault conviction and the drive-by shooting of an occupied building conviction. This court affirmed the imposition of the consecutive sentences, holding that the consecutive sentences were permissive under the multiple victim exception to the rule that only one sentence may be imposed for multiple crimes committed in the same behavioral incident. *State v. Padilla*, No. A08-0224, 2009 WL 749171, at *1 (Minn. App. Mar. 24, 2009), *review denied* (Minn. May 27, 2009).

On October 31, 2014, Padilla's legal counsel filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. The applicable Minnesota Sentencing Guidelines provide that "the date of offense determines the order of sentencing with multiple convictions." Minn. Sent. Guidelines cmt. II.A.02 (2004); *see also* Minn. Sent. Guidelines cmt. II.B.101 (2004) (providing that "[w]hen multiple current offenses are sentenced on the same day before the same judge, sentencing shall occur in the order in which the offenses occurred"). Padilla's counsel argued that because the drive-by shooting of the occupied building occurred before the assault, the drive-by shooting conviction should have been sentenced first, and that the district court should have first sentenced Padilla to 115 months for the drive-by shooting of an occupied building conviction and then sentenced him to 91 months for the first-degree assault conviction. Padilla filed a pro se supplemental brief, agreeing with his counsel that his sentence should be corrected because the convictions were sentenced in the wrong order, but also

3

arguing that the district court, upon correcting the sentence, was limited to the sentence originally imposed for each individual offense.

The district court held that Padilla had been sentenced in the wrong order because the elements of the drive-by shooting of an occupied building were necessarily completed before the elements of the first-degree assault. In so ruling, the district court relied on this court's holding in *State v. Patterson*, where this court reasoned that a drive-by shooting necessarily occurred before the resulting murder because the elements of the drive-by shooting offense were complete upon firing the shots. 796 N.W.2d 516, 532 (Minn. App. 2011), *aff'd*, 812 N.W.2d 106 (Minn. 2012). The district court held that because the drive-by shooting offense was necessarily completed before the assault, Padilla's original sentence was unauthorized by law.

Consistent with these holdings, the district court corrected Padilla's original sentence by sentencing him in the following order: (1) 27 months for receiving stolen property; (2) 36 months for drive-by shooting of an unoccupied building; (3) 115 months for drive-by shooting of an occupied building; and (4) 91 months for first-degree assault. The district court ordered that the first three sentences were to run concurrently, and the first-degree assault sentence was to run consecutively to the other sentences. Originally, Padilla would have served combined consecutive sentences of 218 months. Following the correction of his sentence, Padilla was to serve a total of 206 months, resulting in an overall sentence reduction of 12 months. However, Padilla's corrected sentence for the drive-by shooting of an occupied building increased from 52 months to 115 months.

4

Claiming that the district court erred by imposing a longer term for the drive-by shooting of an occupied building conviction, Padilla appeals.

## D E C I S I O N

## I.

Padilla argues that the district court erred in resentencing him to a longer sentence on his drive-by shooting of an occupied building conviction than was originally imposed. Padilla contends that the district court was limited to the original 52-month sentence on the drive-by shooting count, and that his 115-month sentence on that count must be vacated.

This court reviews the district court's sentencing decision for an abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). The district court "may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. On resentencing, a district court "may not impose a more severe penalty than the sentence which it previously imposed." *State v. Wallace*, 327 N.W.2d 85, 88 (Minn. 1982). Allowing a court to impose a more severe sentence would effectively punish the defendant for exercising his right to appeal. *Wallace*, 327 N.W.2d at 88.

Padilla, however, did not receive a more severe sentence upon resentencing. The Minnesota Supreme Court in *State v. Prudhomme* indicated that a district court may not impose a sentence on resentencing that exceeds the length of the original sentence for that particular crime. 303 Minn. 376, 380, 228 N.W.2d 243, 246 (Minn. 1975). But, the supreme court later clarified that, on resentencing, the imposition of the *total sentence*

5

cannot be in excess of that originally imposed. *State v. Rohda*, 358 N.W.2d 39, 41 (Minn. 1984).

In *Rohda*, the defendant was sentenced to 76 months, consecutive to a previously imposed sentence of 15 months, totaling 91 months. *Id.* at 40. However, because the guidelines did not permit consecutive sentences in that case, the court remanded for resentencing and authorized the district court to depart by imposing a sentence up to, but no more than, 91 months. *Id.* at 41. *Rohda* held that, in evaluating whether a more severe penalty was imposed, consecutive sentences are combined and the aggregate total is what is evaluated. *Id.*; *see also State v. Nunn*, 411 N.W.2d 214, 216 (Minn. App. 1987) (stating that the district court was "free to resentence . . . so long as the newly imposed sentences were authorized by law and did not exceed the original . . . sentence").

In this case, upon Padilla's motion to correct his sentence, the district court imposed a 115-month sentence on the drive-by shooting of an occupied building conviction, which is a 63-month increase from his original 52-month sentence on that individual count. Although the sentence for the drive-by shooting offense increased, Padilla's total sentence after the correction was 12 months shorter than his original sentence. Padilla originally would have served 218 months, but was sentenced to receive only 206 months after sentence correction. Because the district court did not increase Padilla's total sentence, it did not err by imposing a longer sentence for the drive-by shooting of an occupied building offense.

6

## II.

Padilla argues that he was denied effective assistance of counsel in conjunction with his motion to correct his sentence and on appeal. Padilla advances four reasons why his counsel at the sentencing correction hearing provided ineffective assistance of counsel: (1) she did not argue the arguments he made in his pro se brief; (2) she refused to represent him on appeal; (3) she failed to address the incorrectly calculated criminal-history score that was utilized at his 2007 sentence; and (4) she failed to challenge the lack of sentencing worksheets at his sentencing hearings.

This court reviews ineffective assistance of counsel claims de novo. *Opsahl v. State*, 677 N.W.2d 414, 420 (Minn. 2004). An appellant seeking to establish a claim of ineffective assistance of counsel "bears the burden of proof on that claim." *State v. Jackson*, 726 N.W.2d 454, 463 (Minn. 2007). To satisfy that burden, the appellant "must do more than offer conclusory, argumentative assertions, without factual support." *See State v. Turnage*, 729 N.W.2d 593, 599 (Minn. 2007) (explaining the burden of petitioners seeking postconviction relief).

"To prevail on a claim that counsel is ineffective, [appellant] must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for his counsel's unprofessional error, the outcome would have been different." *Leake v. State*, 767 N.W.2d 5, 10 (Minn. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064–65 (1984)). To establish an ineffective assistance of counsel claim, the appellant "must overcome the presumption that counsel's performance fell within a wide range of

reasonable representation." *Wright v. State*, 765 N.W.2d 85, 91 (Minn. 2009) (quotation omitted).

**Claims Regarding Rule 27.03, subd. 9, Hearing**

Padilla alleges that his counsel erred by failing to argue his pro se arguments at the hearing for his motion to correct his sentence and by "fail[ing] to properly investigate proper [law]" when challenging his 2007 sentence. But, "[c]ounsel appealing a criminal conviction has no duty to raise all possible issues . . . [and] has no duty to include claims which would detract from other more meritorious issues." *Dent v. State*, 441 N.W.2d 497, 500 (Minn. 1989) (quotation omitted). Padilla's counsel was not required to argue his pro se arguments and chose to argue that the district court had imposed an invalid sentence because Padilla had been sentenced in the wrong order. Furthermore, Padilla himself briefed his pro se arguments and argued them to the district court. The district court found no merit to Padilla's pro se arguments, but ruled in favor of Padilla on the grounds for correction of his sentence as argued by his counsel. Because the district court accepted his counsel's arguments and rejected his pro se arguments as being without merit, and we are affirming the district court's correction of his sentence, Padilla has failed to demonstrate that his counsel's performance at the hearing fell below an objective standard of reasonableness or that there was a reasonable probability that, but for his counsel's unprofessional error, the outcome would have been different.

**Claim for Failure of Representation on Appeal**

Padilla further alleges that he was denied effective assistance of counsel because he is unrepresented in the current appeal. Padilla was not, however, entitled to a public

8

defender under Minn. Stat. § 590.05 (2014), because he had already been represented when he directly appealed his convictions. Therefore, this claim of ineffective assistance of counsel is without merit.

**Claim for Failure to Argue Ineffective Assistance of Trial Counsel**

Padilla alleges that he received ineffective assistance of counsel at the sentencing correction hearing because counsel failed to argue the ineffective assistance of his trial counsel at his 2007 sentencing. Padilla claims that his 2007 sentence was based upon an incorrectly calculated criminal-history score and that the state failed to provide a criminal-history worksheet at the 2007 sentencing hearing. Padilla fails to explain how his criminal-history score was miscalculated or why the state's alleged failure to provide a criminal-history worksheet affects our review in this appeal of his corrected sentence.[1] Padilla's argument is also unsupported by legal analysis or citation. *See Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994) (noting that a court may decline to consider arguments that are not supported by analysis or citation).

In any event, Padilla's claims of ineffective assistance of trial counsel are barred. It is well settled that after a direct appeal has been taken, all claims raised in that appeal or known at the time of that appeal will not be considered upon a subsequent appeal or petition for postconviction relief. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Padilla's present claims, including his alleged incorrect criminal-history score and the state's failure to provide a criminal-history worksheet, were known at the

---

[1] Contrary to Padilla's contention, the record indicates that a criminal-history worksheet was provided by the state prior to Padilla's 2007 sentencing.

time he appealed from his 2007 sentence. Likewise, as we noted in Padilla's second appeal to this court in 2009, his claims of ineffective assistance of trial counsel are similarly barred. *Padilla*, 2009 WL 749171, at *3. And even if his claims were not barred under *Knaffla*, we would decline to review them because these claims were not raised before the district court at the sentencing correction hearing. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

Padilla also alleges that he was deprived of effective assistance of counsel because his counsel at the sentencing correction hearing failed to challenge the fact that the state failed to prepare a criminal-history worksheet. But the state provided sentencing worksheets before the 2007 sentencing hearing which were part of the record at the 2015 hearing.

**Cumulative Effect**

Padilla argues that even if the individual errors were insufficient to establish ineffective assistance of counsel, the cumulative effect of the errors require this court to correct his sentence. But, in order to prevail on his ineffective assistance of counsel claims, Padilla must establish both that his attorney's representation was unreasonable and that, but for the attorney's conduct, the result would have been different.

Although he has alleged a number of reasons why his counsel was ineffective, Padilla has not explained how any of his allegations establishes that his counsel's performance fell below an objective standard of reasonableness. Instead, Padilla merely asserts that "[t]he court record, and [r]e-sentencing transcripts and facts produced in [a]ppellant's brief [s]upport his [i]neffective [a]ssistance of [a]ppellate [c]ounsel claims."

10

Padilla's allegations are vague as to what his counsel did incorrectly, what should have been done, and how the result would have been any different but for any errors she allegedly committed when representing him at his rule 27 hearing. Padilla's generalized allegations of ineffective assistance of counsel fail to demonstrate how his counsel's performance fell below an objective standard of reasonableness and therefore fail to demonstrate that he received ineffective assistance of counsel.

**Affirmed.**